UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA M. NEMEC | )<br>) |
| Plaintiff, | )<br>) Case No. 14-cv-6278 |
| vs. | )<br>) |
| COMENITY CAPITAL BANK | )<br>)<br>) |
| Defendants. | ) |

**Complaint Filed by the Debtor Arising out of Violation of the Telephone Consumer Protection Act provided for by 47 USC §227, and Violations of the Automatic Stay, provided for by Section 362 of Title 11.**

**NOW COMES** the above-named Plaintiff, individual consumer, by and through his attorney, Thomas W. Toolis of Frankfort Law Group, and respectfully brings before the Court an action for actual and statutory damages against Defendant Comenity Capital Bank, in violation of the Telephone Consumer Protection Act provided for by 47 USC § 227 and violation of the automatic stay provided for by 11 USC §362, and in support thereof states as follows:

### I.  JURISDICTION

1. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here. This contested case is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of bankruptcy case number 14-10914, and rights duly established under Title 11 of the United States Code and other applicable federal law.

2. This Court has jurisdiction to enter a final and dispositive order in this matter.

3. This Court has both personal and subject-matter jurisdiction to hear this contested case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 11 of the United States Code.

4. Section 362(h) of title 11 of the United States Code provides individual debtors with a powerful tool to safeguard the benefits of the automatic stay and to discourage violations of the stay. *In Re Sumpter*, 171 B.R. 835 (Bankr. N.D. Ill. 1994). The debtor further alleges that this provision provides that "an individual injured by a willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. Section 362(h).

5. 11 USC §105(A) of the United States Bankruptcy Code states that the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. Congress provided a remedy for violation of the discharge injunction through a court's inherent contempt power. *Bessette v. AVCO Financial Services, Inc.* D.R.I 1999, 240 B.R. 147.

6. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

## II. PARTIES

7. Plaintiff, Lisa M. Nemec, formerly known as Lisa M. Montoya, is a natural person residing in the Village of New Lenox, County of Will, and State of Illinois.

8. Defendant, Comenity Capital Bank, is an Ohio corporation authorized to do business in Illinois. Defendant is engaged in the business of lending money in this state with its principal place of business located at 3100 Easton Square Place, Columbus, Ohio.

### III.  ALLEGATIONS IN SUPPORT OF THE VIOLATIONS

9. On March 26, 2014, Plaintiff filed a Chapter 13 proceeding (Case No. 14-10914) in the United States Bankruptcy Court for the Northern District of Illinois. *See Exhibit A.*

10. Comenity Capital Bank sent numerous letters to the Plaintiff in an attempt to collect the debt in violation of the automatic stay.

11. Upon Information and Belief, each time Defendant sent the Plaintiff a Collection Letter, they also reported the same information, including past due amounts and length of time that Plaintiff's Account has been in default, to the major credit bureaus.

12. Comenity Capital Bank placed numerous phone calls to the Plaintiff's cellular phone in an attempt to collect the debt in violation of the automatic stay.

13. From May 2, 2014 through and including May 26, 2014, Comenity Capital Bank called the cell phone of the Plaintiff 57 times.

14. The calls have not stopped since that time.

15. As a result of the acts alleged above, Plaintiff suffered emotional distress and grief, as well as actual damages.

### IV.  CLAIM FOR RELIEF – TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. Section 227 et seq.

16. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

17. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant Comenity Capital Bank, at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

18. Under U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

19. Defendant, Comenity Capital Bank, willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to 47 U.S.C. Section 227(b)(3).

20. Plaintiff is entitled to injunctive relief prohibiting Comenity Capital Bank, from contacting Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. Section 227(b)(3)(a).

## V. CLAIM FOR RELIEF – VIOLATION OF AUTOMATIC STAY

21. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

22. Defendant is liable to the Plaintiffs for violation of the automatic stay pursuant to 11 USC §$^i$362(k) and 11 USC §105 for:

   a. Collection letters to the debtors residence; and

   b. Phone calls to the Debtor's cellular phone.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant, Comenity Capital Bank, for the following:

A. That this Court impose sanctions against the Defendant, Comenity Capital Bank, for violating Section 362 of Title 11 of the United States Code by ordering the Defendants to pay monetary damages to the Plaintiff in excess of the sum of $50,000.00;

B. That this Court order the Defendant named herein to pay all legal fees and expenses incurred by counsel for the Plaintiff, said fees to be calculated at the rate of $450.00 per hour;

C. That, in the alternative, this Court hold the Defendants in civil contempt for violating the Order for Relief duly entered in the Plaintiff's Bankruptcy case and impose damages including, but not limited to actual damages, punitive damages, court costs and legal fees, all in the discretion of the Court; and

D. That this Court enter an award of statutory damages of $500.00 per phone call pursuant to 47 U.S.C. §227(b)(3)(B) against Defendant Comenity Capital Bank, and for Plaintiff;

E. That this Court enter an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant Comenity Capital Bank, and for Plaintiff;

F. That this Court enter an injunction prohibiting Defendant Comenity Capital Bank, from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

G. Any other or further relief that this court deems just.

## JURY DEMAND

Please take notice that the Plaintiffs demand trial by jury in this action.

Respectfully Submitted,

/s/ Thomas W. Toolis
Thomas W. Toolis

6270743
Thomas W. Toolis
Attorney for Plaintiffs
Frankfort Law Group
10075 W. Lincoln Hwy.
Frankfort, Illinois 60423
708-349-9333